STATE OF MAINE
WALDO, SS.

DONALD L. GARBRECHT
LAW LIBRARY

JUL 24 2000

SUPERIOR COURT
Docket No. AP-2000-1

PTP-WAL — 7/21/2000

MARITIME ENERGY,
  Petitioner,

   v.

FUND INSURANCE REVIEW BOARD,
  Respondent.

)
)
)
)
)
)
)
)
)
)
)

**ORDER ON RULE 80B APPEAL**

STATE OF MAINE
Waldo County Superior Court

JUL 21 2000

REC'D AND FILED
Joyce M. Page, Clerk

This matter is before the court on Maritime Energy's appeal of a decision by the Fund Insurance Review Board, pursuant to M.R. Civ. P. 80B.

## FACTS

In November, 1986, Petitioner, an installer of underground storage tanks, installed three underground tanks at the B & L Market in Belmont Maine. In March 1987, Petitioner discovered a 30-inch crack in a seam of one of the tanks, which resulted in a gasoline leakage into the surrounding soil. Petitioner immediately contacted the Maine Department of Environmental Protection ("DEP"), which then became extensively involved in the removal and cleanup of the spill. That cleanup involved the removal of the defective tank and surrounding soil, but the two other tanks were not removed. A replacement tank was installed, and intensive remediation efforts were conducted, including the use of monitoring wells and a soil vapor extraction system.

In 1994, Petitioner began to lease the Belmont site and operate a Maritime Farms Food Store on the premises, while remediation activities there continued. In

1

1998, Petitioner's contractor removed the three underground storage tanks at the site and discovered gasoline contamination in the surrounding soil. Petitioner notified the DEP, which performed soil sample analysis that demonstrated that the contaminant was consistent of a pre-1990 gasoline blend. Petitioner cooperated with the DEP in performing extensive and very costly remediation activities.

On March 29, 1999, Petitioner applied to the DEP for coverage under the Maine Ground Oil Cleanup Fund. By letter dated April 16, 1999, the DEP denied Petitioner's request. The DEP determined that the contamination was part of the same discharge discovered in 1987 and that 38 M.R.S.A. § 568-A(1)(B-1) prohibits coverage of oil discharges that were discovered on or before April 1, 1990. Petitioner appealed this decision to the Fund Insurance Review Board ("Board"), which held a hearing on October 12, 1999. The Board issued a decision November 12, 1999, denying Petitioner's appeal, based on the same grounds relied on by the DEP. Petitioner filed a timely appeal to this court, seeking review of the Board's decision pursuant to 38 M.R.S.A. § 568-A(3-A).

## DISCUSSION

This court may reverse the Board's decision only if it violates a constitutional or statutory provision, exceeds its statutory authority, grounds itself on an unlawful procedure, is affected by bias or error of law, is unsupported by substantial evidence in the record, or is arbitrary capricious or characterized by abuse of discretion. See 5 M.R.S.A. § 11007(4)(C). Petitioner argues essentially that the Board incorrectly interpreted 38 M.R.S.A. § 568-A(1)(B-1), which provides "[a]n applicant is not eligible

for coverage for any discharge discovered on or before April 1, 1990." Petitioner asserts that the contaminated soil found in 1998 constitutes a new "discovery" under the statute, and, therefore, the statute does not preclude Petitioner's recovery. Petitioner urges this court to disregard the fact, which Petitioner conspicuously does not dispute, that the gasoline spill found in 1998 is in fact part of the same discharge discovered in 1987. Petitioner contends that the statute should be interpreted liberally to promote the intent of the statute -- to provide relief to Maine businesses burdened with excessive cleanup costs.

This court must give due deference to the Board's reading of the statute. "When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive, is entitled to great deference and must be upheld 'unless the statute plainly compels a contrary result.'" Wood v. Superintendent of Ins., 638 A.2d 67, 70 (Me. 1994) (quoting Abbott v. Commissioner of Inland Fisheries & Wildlife, 623 A.2d 1273, 1275 (Me. 1993)). Despite its contention that the statute must be applied liberally, Petitioner has failed to cite any portion of the statute or its legislative history that compel such an application. Clearly, the gasoline discharge at the center of this dispute is part of the same discharge originally discovered in 1987. Moreover, where a statute is clear and unambiguous, this court "has no role in attempting to divine legislative intent." Kimball v. Land Use Regulation Comm'n, 745 A.2d 387, 392 (Me. 2000). Unfortunately for Petitioner, the first cleanup and remediation of the contaminated soil did not eradicate the entire spill. Part of the spill remained in the soil, only to be

noticed when all of the underground storage tanks at the site were removed.

Petitioner emphasizes the fact that the DEP played an integral part in the 1987 remediation effort, implying that the DEP, not Petitioner, is responsible for the incomplete spill cleanup. Regardless of who was at fault for the inadequate cleanup, which is irrelevant under the statute, the fact remains that the contaminated soil unearthed in 1998 does not constitute a new "discovery" under the statute; rather, it was part of the same discovery made in 1987, which was not entirely removed. Clearly, by precluding coverage of claims discovered before April 1, 1990, the legislature intended the Fund to cover only *new* discoveries.

Petitioner also maintains that the statute is ambiguous and that because it "is effectively a statutory insurance policy" the court should apply the legal principles for interpretation of insurance policies. This argument lacks merit. As previously noted, the statute is clear and unambiguous. In addition, there is no legal authority to support Petitioner's assertion that the statute here should be interpreted as an insurance policy.

The entry is:

Petitioner's appeal is DENIED, and this matter is REMANDED to the Fund Insurance Review Board.

Dated: 7/18/2000

Hon. Paul Pierson
JUSTICE, SUPERIOR COURT

4

Date Filed  Jan. 3, 2000          Waldo              Docket No.    AP-00-1
                                   County

Action    80C Review of Final Agency Action

DONALD L. GARBRECHT
LAW LIBRARY

JUL 24 2000

MARITIME ENERGY                        vs.  FUND INSURANCE REVIEW BOARD

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Ann R. Robinson, Esq.<br>P.O. Box 1058<br>Augusta, Maine  04332-1058<br>623-5300<br><br>Sigmund D. Schutz, Esq. co-counsel | Mary M. Sauer, Esq.<br>Dept. of Attorney General<br>6 State House Station<br>Augusta, Maine  04333-0006<br>626-8800 |

| Date of Entry | |
|---|---|
| 01-03-2000 | Petition for Review of Final Agency Action, filed.<br>Summary Sheet filed. |
| 01-10-00 | Mary M. Sauer, Esq. enters appearance for Respondent. |
| 01-25-00 | Agency Record, filed. |
| 01-25-00 | Notice of Filing and Briefing Schedule to attys. Robinson and Sauer. |
| 03/06/00 | Brief of Petitioner, filed. |
| 04/05/00 | Brief of Respondent, filed. |
| 04/18/00 | Reply Brief of Petitioner, filed. |
| 05/03/00 | Notice of setting for oral argument on appeal to attys.<br>on June 8, 2000 at 9:00 a.m. to attys. Robinson and Sauer. |
| 06/08/00 | (Pierson, J.<br>Attys. Bruce Gerity appears for Plff.  Mary Sauer, AAG for Deft.<br>Oral argument before the Court.  Matter taken under advisement.<br>Original file forwarded to Justice Pierson's Law Clerk, Pam Morales. |
| 07/21/00 | Original file returned by Justice Pierson. |
| 07/21/00 | Order on Rule 80B Appeal signed July 18, 2000, filed and entered. (Pierson,<br>Petitioner's appeal is DENIED, and this matter is REMANDED to the Fund<br>Insurance Review Board. |
| 07/21/00 | Notice of entry and copy Order on Rule 80B Appeal to attys. Robinson<br>and Sauer, and to opinion repositories. |